IN THE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01544-LTB-OES

ALLEN ATENCIO,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2005

GREGORY C. LANGHAM
              CLERK

---

### STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated as "CONFIDENTIAL" shall be information that is

confidential, including information such as Plaintiff's tax returns and information that implicates common law and statutory privacy interests of current or former DHHA employees. *See, e.g.* § 24-72-204(3)(a)(II)(A), C.R.S. (concerning disclosure of personnel records). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

2

     (h)  other persons by written agreement of the parties

  5  Prior to disclosing any CONFIDENTIAL information to any person listed in paragraphs 4(d), (g) and (h) above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel

  6  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice "CONFIDENTIAL

  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript

  8  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot

3

resolve the objection within ten (10) business days after the time the notice is received, either party may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.   In the event any Party desires to file a document, brief, memorandum, or any other paper with this Court which discloses any Confidential Information, or the substance thereof, such document, brief, memorandum, or other paper (or, if appropriate, the confidential portion thereof) shall be filed in a sealed envelope or other sealed container marked with the title of the action, identifying each document or thing contained therein, and bearing a statement substantially in the following form:

<u>**CONFIDENTIAL**</u>

**THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO IN CIVIL ACTION NO. 04-B-1544 GOVERNING USE OF CONFIDENTIAL MATERIAL**

All such material so filed shall be maintained by the Clerk of the Court in the sealed envelope or container with the appropriate legend, or otherwise, and shall be released only upon

further order of the Court. In the event any Confidential Information is used in any court proceeding herein, including deposition, subject to the rules of evidence, the Federal Rules of Civil Procedure, and any other applicable law, such information shall not lose its confidential status through such use, and the Parties shall take all steps described above to protect the confidentiality of such information during its use.

10. Nothing contained in this Order shall affect the rights, if any, of the Parties to make any other type of objection, claim or other response to any discovery request, subpoena, or any question at a deposition, nor shall this Order be construed as a waiver by the Parties of any legally cognizable privilege to withhold any document or information, or of any right which the Parties may have to assert such privilege at any stage of the proceedings.

At the conclusion of this case, unless other arrangements are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND SIGNED this 17th day of Aug, 2005.

BY THE COURT:

_____
Magistrate Judge, United States District Court

The Parties, by their undersigned counsel, stipulate and consent to entry of this Order.

Dated this 6th day of July, 2005.

*Karen Hendrick Larson*
Karen Hendrick Larson
1120 Lincoln Street, Ste. 711
Denver, CO 80203
303-831-4404
ATTORNEY FOR PLAINTIFF
ALLEN ATENCIO


FAIRFIELD AND WOODS, P.C.

By: *Colin A. Walker*
Colin A. Walker
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Phone: (303) 830-2400
ATTORNEYS FOR DEFENDANT
DENVER HEALTH AND HOSPITAL AUTHORITY